UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-5108** |
| **LAFON NURSING FACILITY OF THE HOLY FAMILY, INC.** | **SECTION: I/4** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Cheryl Martin, individually and on behalf of her deceased mother, Ida Antoine, and on behalf of all others similarly situated. Defendant in this matter is Lafon Nursing Facility of the Holy Family, Inc. ("Lafon"). For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

Defendant is the owner and operator of a nursing home located in New Orleans, Louisiana. Plaintiff alleges that when Hurricane Katrina struck the area on August 29, 2005, defendant had failed to take the necessary precautions to protect plaintiff's mother and other residents of the home from the storm's effects.[1] Plaintiff alleges that, because of defendant's

---

[1] Rec. Doc. No. 1-2, p. 2.

negligence, her mother suffered mentally and physically during the storm and died on defendant's premises.[2]

Plaintiff filed this action in state court, seeking damages for defendant's negligence and requesting that the matter be certified as a class action. On August 28, 2006, defendant removed this case to federal court, arguing that federal jurisdiction exists pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), and the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369. Plaintiff filed her motion to remand on September 27, 2006.

*LAW AND ANALYSIS*

**I. Standard of Law**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

---

[2]Rec. Doc. No. 1-2, p. 2 ¶XI.

2002) (citation omitted).

## II. Discussion

*A. Class Action Fairness Act*

28 U.S.C. § 1332(d)(2) conveys federal jurisdiction over class actions when there is minimal diversity,[3] that is, where at least one plaintiff and one defendant are from different states, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.[4] Excepted from the § 1332(d) grant of jurisdiction are those cases that are purely local controversies. Pursuant to this local controversy exception, a district court must decline to exercise jurisdiction in cases where four requirements are met:

> (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case.

*Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 679 (7th Cir. 2006) (citing 8 U.S.C. §

---

[3] Article III of the United States Constitution permits federal courts to decide cases where only "minimal diversity" exists; the "complete diversity" requirement is statutory. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531, 87 S. Ct. 1199, 1203-04, 18 L. Ed. 2d 270 (1967).

[4] The text of § 1332(d)(2) reads:

[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which
    (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
    (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
    (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

1332(d)(4)(A)).[5]

In its notice of removal, defendant states that the matter in controversy exceeds the sum or value of $5,000,000[6] and that the minimal diversity exists, satisfying the requirements for federal jurisdiction under the CAFA.[7] Plaintiff does not contest these assertions; instead, plaintiff argues that this matter falls within the "local controversy" exception of § 1332(d)(4)(A) and presents a situation in which the Court must decline to exercise its jurisdiction.

The controversy in this case lies with the citizenship of the proposed class; defendant contests no other aspect of plaintiff's CAFA argument.[8] Plaintiff contends that more than two-

---

[5]The text of § 1332(d)(4) reads:

A district court shall decline to exercise jurisdiction under paragraph (2)--
(A) (i) over a class action in which--
    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
    (II) at least 1 defendant is a defendant--
        (aa) from whom significant relief is sought by members of the plaintiff class;
        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
        (cc) who is a citizen of the State in which the action was originally filed; and
    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(B), the "home state" exception, provides an alternative, but similar, exception to the federal jurisdictional grant of § 1332(d) where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Plaintiff makes no allegations regarding this exception, and the Court finds that its discussion *infra* would be applicable to the burden of proof for either the local controversy or home state exception.

[6]Although defendant does not state that this sum is exclusive of interests and costs, it is readily apparent that defendant claims such, as is evidenced by a common sense reading of the removal petition. *See* Rec. Doc. No. 1, pp. 3-4.

[7]Rec. Doc. No. 1, pp. 3-4.

[8]State citizenship is synonymous with domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted). "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . . or, as some courts articulate it, the absence of any

thirds of the members of the putative class are Louisiana citizens.  Plaintiff offers no support for this assertion; instead, she merely states that she "believes that the majority of the members of this class, and certainly more than two thirds of the members, are from Louisiana."[9]  She argues in a footnote that "[i]f defendant Lafon is in possession of information which would negate this proposition--namely information regarding the citizenship and/or domicile of the members of the putative class, they should be forced to produce it as the defendant bears the burden of persuasion in establishing federal jurisdiction."[10]  Defendant contends that the burden of proving the citizenship of the putative class and, therefore, the applicability of the local controversy exception, rests with plaintiff and that plaintiff has failed to carry this burden.

Defendant appropriately cites to *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006), a case in which the Fifth Circuit held that the burden of proving an exception to the CAFA fell to the plaintiff arguing for its application.  There, the court noted the "longstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction."  *Id.* (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98, 123 S. Ct. 1882, 1885, 155 L. Ed. 2d 923 (2003)).  In reaching its decision, the *Frazier* court also relied on *Evans v. Walter Industries, Inc.*, 449 F.3d 1159 (11th Cir. 2006).  *See also Hart*, 457 F.3d at 680 (agreeing with the results reached in *Frazier* and *Evans* and holding that the plaintiff contesting federal jurisdiction bears the burden of proving an exception to the CAFA); *cf.*

---

intention to go elsewhere."  *Id.* at 250.  For the purposes of the CAFA, citizenship is assessed "as of the dates of filing of the complaint or amended complaint, or, if the case . . . is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction."  28 U.S.C. § 1332(d)(7).

[9]Rec. Doc. No. 3-2, p. 3.

[10]Rec. Doc. No. 3-2, p. 3.

*Mattera v. Clear Channel Comm'ns, Inc.*, No. 06-1878, 2006 U.S. Dist. LEXIS 82928, at *29 (S.D.N.Y. Nov. 14, 2006) (analogizing to *Hart*, *Frazier*, and *Evans* and placing the burden of proving a CAFA exception on defendants, who were challenging federal jurisdiction).  The decisions in *Hart*, *Frazier*, and *Evans* all mention the Senate Judiciary Committee's unambiguous statement that the burden of proving an exception to the CAFA should lie with the plaintiff objecting to federal jurisdiction:

> [I]t is the intent of the Committee that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden of demonstrating that more than two-thirds of the proposed class members are citizens of the forum state).

S. Rep. No. 109-14, at 43 (2005), *cited in Hart*, 457 F.3d 681; *Frazier*, 455 F.3d at 545 n.5; *Evans*, 449 F.3d at 1163.[11]

Plaintiff's assertion that defendant is in possession of information bearing on the citizenship of the putative class and should be compelled to produce this evidence is unavailing.  In both *Frazier* and *Evans*, the courts noted that the plaintiffs were better positioned to produce the information necessary to carry the burden of proving the exceptions to the CAFA . *Frazier*,

---

[11]Not all courts, however, share in the circuits courts' views.  In *Yates v. Wickes Furniture Co.*, No. 06-448, 2006 U.S. Dist. LEXIS 76982 (C.D. Cal. Oct. 4, 2006), the court conducted an extensive investigation into the language of §§ 1332(d) and 1453, ultimately ruling that the party arguing in favor of federal jurisdiction had the burden of proving the inapplicability of subsection (d)(4).  The *Yates* court rejected the use of the Senate Judiciary Committee Report in *Hart*, *Frazier*, and *Evans*, noting that the report was issued ten days after the passage of the CAFA and that it was, therefore, of little interpretive value.  *Id.* at *13 (citing *Pub. Employees Ret. Sys. of Ohio v. Betts*, 492 U.S. 158, 168, 109 S. Ct. 2854, 2862, 106 L. Ed. 2d 134 (1989)).  The court also found the analogy to the provisions of the federal removal statute, 28 U.S.C. § 1441, inapposite.  *Id.* at *24.  Instead, the *Yates* court parsed the language of § 1332(d) in connection with that of § 1453, the removal section applicable to class actions, and found that subsection (d)(4) was not an exception to the grant of jurisdiction in subsection (d)(2), but was instead "an integral component of the removal provisions" that "further elucidat[ed] (d)(2)'s definitional provisions."  *Id.* at *37; *see also Serrano v. 180 Connect Inc.*, No. 06-1363, 2006 U.S. Dist. LEXIS 61035, at *3 (N.D. Cal. Aug. 11 2006) (placing the burden of proving the inapplicability of the subsection (d)(4) exceptions on the removing party).

    The interpretive gymnastics required to find that these subsections are components of, rather than exceptions to, the jurisdictional grant in subsection (d)(2) are unpersuasive, particularly in light of the Senate's characterization of these as the "home state *exception*" and "local controversy *exception*" in language cited in *Yates*.  *See* S. Rep. No. 109-14, at 28 (2005), *cited in Yates*, 2006 U.S. Dist. LEXIS, at *34-35 (emphasis added).  Considering the clear ruling by the Fifth Circuit in *Frazier*, the Court declines to follow the reasoning of *Yates*.

455 F.3d at 546 ("This result is supported by the reality that plaintiffs are better positioned than defendants to carry this burden."); *Evans*, 449 F.3d at 1164 n.3 ("Moreover, placing the burden of proof on the plaintiff in this situation is not only consistent with the statutory design, we believe it places the burden on the party most capable of bearing it."). The *Hart* court, however, noted that it was not persuaded by this factor, 457 F.3d. at 680, and--even if this Court were to assume that plaintiff was not in a better position to produce such information--the Court does not find this issue sufficient to shift the burden of proving the inapplicability of the "local controversy" exception back to defendant.

The evidence defendant has already provided, moreover, does not support plaintiff's position. Defendant includes the affidavit of Georgia Horne, the assistant administrator for defendant's facility, with its opposition to plaintiff's motion.[12] Horne states that one of her duties includes updating and maintaining the accounts of residents. In this capacity, she has learned that several of the residents who remained at defendant's facility in the days following Hurricane Katrina have been transferred to facilities throughout the United States; many of the heirs and family members of deceased residents are similarly scattered. Despite the fact that Horne's statements lack any precise figures, her affidavit suggests that the requirements of the "local controversy" exception may not be met.[13]

In a supplemental memorandum, plaintiff urged the Court to consider the recent decision in *Preston v. Tenet Healthsystem Memorial Medical Center*, in which Judge Eldon E. Fallon

---

[12]Rec. Doc. No. 7-2, pp. 10-11.

[13]Moreover, plaintiff will still have the opportunity to file a motion to remand if later facts are discovered relevant to the Court's jurisdiction. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal.") (emphasis added); *Hart*, 457 F.3d at 682.

determined that the matter before him was a local controversy pursuant to § 1332(d) and remanded the action to state court. No. 06-3179, slip op. at 16-17 (E.D. La. Nov. 21, 2006). Judge Fallon's decision in *Preston*, however, did not question the *Frazier* holding. *See Preston*, No. 06-37179, at 15 (""[I]t is Plaintiffs . . . who must demonstrate that an exception to CAFA jurisdiction applies."). In that case, Judge Fallon found that information relevant to the citizenship of the proposed class was most likely in the hands of the defendants and ordered the defendants to produce this information. *Preston*, No. 06-3179 at 13-14; *see also* Rec. Doc. No. 39 (Aug. 23, 2006). As a result of this order, Judge Fallon was able to make a determination as to the applicability of the local controversy exception from a more fully developed factual record.         In the instant case, the Court is not presented with the detailed factual record that Judge Fallon was able to weigh. The burden of proving the local controversy exception to the CAFA clearly rests with plaintiff. The Court finds no need, however, to require the production of any information from defendant or expedite the discovery process that the parties will undoubtedly conduct. Plaintiff is free to move for remand if and when the appropriate information relevant to subject matter jurisdiction becomes available.[14]

*B. Request for Costs and Attorney's Fees*

Plaintiff also requests attorney's fees and costs for defendant's improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

---

[14]In its memorandum of law in opposition to plaintiff's motion to remand, defendant states that because jurisdiction exists under the CAFA, the Court need not consider alternative basis for jurisdiction. *See* Rec. Doc. No. 7, p. 3 n.5. Accordingly, the Court will not consider defendant's alternative arguments for jurisdiction.

Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiff's request for costs and attorney's fees.

Accordingly,

**IT IS ORDERED** that the motion to remand filed by plaintiff, Cheryl Martin, individually and on behalf of her deceased mother, Ida Antoine, and on behalf of all others similarly situated,[15] is **DENIED**.

New Orleans, Louisiana, January __18th__, 2007.

                                           **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**

---

[15]Rec. Doc. No. 3.