UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL MARTIN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-5108** |
| **LAFON NURSING FACILITY OF THE HOLY FAMILY, INC.** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion to Compel Discovery Responses (doc. #39)** filed by the plaintiff, Cheryl Martin, individually and on behalf of her deceased mother, Ida Antoine, and on behalf of all others similarly situated, seeking to compel more complete responses to discovery. The defendant, Lafon Nursing Facility of the Holy Family, Inc., filed an opposition memorandum.

**I.     Background**

Martin filed this putative class action in Orleans Parish Civil District Court alleging that the Lafon Nursing Facility negligently failed to evacuate the residents of the nursing home before, during, and after, Hurricane Katrina made landfall on August 29, 2005.  Martin further alleges that her mother, Ida Antoine, died as a result of Lafon's negligence.  She seeks to have her action recognized as a class action made up of all persons, except Lafon's employees, who sustained injury as a result of Lafon's negligence in the face of Hurricane Katrina.

Lafon removed to this Court under the Class Action Fairness Act, the Multiparty Multiforum

Jurisdiction Act, and the Federal Officer Removal Statute, on August 28, 2006. Lafon then answered, denying liability.

Martin filed a motion to remand on September 27, 2007, alleging that remand was appropriate based on the local controversy exception to CAFA, that the Multiparty Multiforum Jurisdiction Act did not apply, and that there was no federal question jurisdiction under the Federal Officer Removal Statute. The defendants offered no argument in response to the plaintiffs' contention that no jurisdiction existed under the Federal Officer Removal Statute and the Multiparty Muliforum Jurisdiction Act but did allege that the local controversy requirement did not apply.[1]

Pursuant to this local controversy exception, a district court must decline to exercise jurisdiction in cases where four requirements are met:

> (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case.

In their motion to remand, the plaintiffs contended that more than two-thirds of the members of the proposed plaintiff class are citizens of Louisiana. The District Court denied the motion to remand on January 18, 2007, noting that the plaintiffs had failed to provide any evidence that two-thirds of the proposed plaintiff class were citizens of Louisiana. The District Court did however, grant the plaintiffs leave to reurge their motion once further information became available. (*See*

---

[1] In a footnote in its response to the motion to remand, Lafon stated that it had "asserted federal question jurisdiction under the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1) and the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369, [but b]ecause jurisdiction exists under CAFA, it is unnecessary to consider these alternative bases for jurisdiction."

Rec. Doc. No. 29). The District Court did not take any position on whether Federal Officer Removal Statute and the Multiparty Muliforum Jurisdiction Act provided an independent basis for subject matter jurisdiction. (*See id.* at n.14).

On January 17 and 18, 2007, the plaintiffs propounded discovery on the defendants which included discovery relating to information about the former residents of Lafon. Unsatisfied with the responses, the plaintiffs filed the subject motion to compel.

## II.   Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

## III.   Analysis

The plaintiff seeks responses to Interrogatory Numbers 3, 4 and 23 along with Requests for Production 2, 3, and 23. These requests seek information about patients, residents, visitors, and employees of Lafon Nursing home in the time period surrounding the landfall of Hurricane Katrina. Lafon objected to responding to the discovery contending that the discovery sought protected health information under the Health Insurance Portability and Accountability Act.

The plaintiff contends that she offered to sign a protective order and that HIPAA

contemplates the production of the information sought during discovery. Thus, she contends that Lafon has no basis for objecting to the discovery.

The defendants contend that because this case is brought pursuant to this Court's diversity jurisdiction, when a party seeks the production of health information of persons who are not before the Court, the Louisiana Health care provider privilege applies. It contends that this privilege expressly prohibits the disclosure of private patient information. The defendants do not address the plaintiff's HIPAA argument.

During the hearing, the defendant conceded that once a protective order pursuant to HIPAA is executed, the statute does not act as a bar to discovery. Thus the Court turns to whether Louisiana health care provided privilege applies to bar discovery.

Federal Rule of Evidence 501 provides that:

[e]xcept as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Courts have interpreted this to mean that "Rule 501 makes it clear that state privilege law will apply in diversity cases, and that federal privilege law will apply in federal question cases." *In re Combustion, Inc*., 161 F.R.D. 51, 53 (W.D.La.1995). In this case, however, jurisdiction is based on both diversity and federal question and it "it is not immediately clear what law should apply . . . [as] neither the Fifth Circuit nor the United States Supreme Court has yet resolved the issue." *Garza v. Scott and White Memorial Hosp*, 234 F.R.D. 617, 624 (W.D. Tex. 2005).

In some instances, courts "have held that any time federal and state claims are present in the same lawsuit, the federal law of privilege should apply to the entire lawsuit" while others apply "state privilege law to evidentiary materials that are related to pendent state claims, so long as they are unrelated to any federal claims." *Id.* This Court need not reach that issue because the relevant inquiry does not concern a state law claim or defense, but the applicability of a federal statute not requiring analysis of state law. Thus, under either test, federal laws of privilege apply.

Here, the defendants only assert that state health care provider privilege applies. However, after concluding that it is federal, not state privilege law that applies to this issue, the Court notes that it there is no physician-patient privilege under federal law. *U.S. v. Moore*, 970 F.2d 48, 50 (5th Cir. 1992); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004). Thus, because there is no legitimate bar to discovery, the motion to compel is granted to the limited extent explained below.

During the hearing, both parties provided several comprises to the Court in an effort to expedite the discovery. Martin provided three suggestions. The first suggestion was that the information could be provided to her counsel as officers of the Court pursuant to a protective order. The second was that the Court could fashion questions that the defendants would then send to the putative class members. The Court could then review the answers provided by the putative class members to determine domiciliary status. The final suggestion was to hold a contradictory hearing where the Court would issue a class notice to the putative members and require the appearance of as many class members as possible.

Lafon suggested that it provide to the Court *in camera*, all of the background information they accumulated to make their own citizenship determinations when opposing the earlier filed

motion to remand.  It suggested that after the Court reviewed the information, it would agree to let the Court make the determination.

After reviewing the suggestions made by the parties, the Court concluded that it would use a hybrid of the last two plans submitted by the plaintiff where the parties would jointly submit questions for forwarding to potential plaintiffs in an effort to determine the domicile of the former residents of Lafon or their next of kin.  The parties agreed to submit the questions to this Court who would ensure that the questions were timely delivered to the potential plaintiffs.  The Court then ordered that the parties appear at a discovery conference on May 25, 2007 at 3:30 p.m. to determine the status of the joint questions.

Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion to Compel Discovery Responses (doc. #39)** is **GRANTED** to the limited extent as detailed in this Order.

**IT IS FURTHER ORDERED** that the parties appear at a discovery conference before the undersigned on May 25, 2007 at 3:30 p.m. to check on the status of the joint questions.

New Orleans, Louisiana, this ___22nd___ day of May 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**