UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-5108** |
| **LAFON NURSING FACILITY OF THE HOLY FAMILY, INC.** | **SECTION: I/4** |

### ORDER AND REASONS

Before the Court is defendant's motion[1] requesting that this Court set aside the U.S. Magistrate Judge's ruling[2] denying defendant's motion for leave to file a third-party demand.[3] For the following reasons, the Order is **AFFIRMED.**

### *BACKGROUND*

Plaintiff, Cheryl Martin, individually and on behalf of her deceased mother, Ida Antoine, and all others similarly situated, was a resident of the nursing home operated by defendant,

---

[1] R. Doc. No. 106, Mot. To Set Aside.

[2] R. Doc. No. 104, Magistrate Judge's Order Denying Leave To File Third Party Demand.

[3] R. Doc. No. 70, Mot. Leave To File Third-Party Demand.

Lafon Nursing Facility of the Holy Family, on August 29, 2005, the date Hurricane Katrina made landfall.[4]

On July 20, 2006, plaintiff filed a class action petition for damages in the Civil District Court for the Parish of Orleans.[5]  Plaintiff alleged that defendant, as owner and operator of the nursing home property, engaged in negligent conduct before, during, and after the hurricane, which lead to the death and injury of defendant's residents and visitors.[6]

On August 28, 2006, defendant removed the case to this Court, asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.[7]  Almost a year later, on July 27, 2007, defendant filed a motion for leave to file a third-party complaint, which was referred to the Magistrate Judge.[8]  Defendant seeks, pursuant to Rule 14 of the *Federal Rules of Civil Procedure*, to implead the United States Army Corps of Engineers ("Corps") as a third-party defendant pursuant to the Federal Tort Claims Act ("FTCA").[9]  Defendant contends that if it is found liable to plaintiff, "then any such liability will result from conditions that were created by

---

[4] R. Doc. No. 1-2, State Ct. Pet. ¶¶ 3-4, 7.

[5] *Id.*; R. Doc. No. 1, Notice of Removal ¶ 2.

[6] State Ct. Pet. ¶¶ 3, 6, 8-15.  Plaintiff contends that defendant was negligent in:  (1) failing to attain, maintain, and position adequate backup-power-supply sources on its premises; (2) failing to attain, maintain, and provide timely transportation from the premises; (3) failing to properly coordinate with a transportation provider and plan for the transportation of persons on its premises; (4) failing to prevent unreasonably dangerous conditions and defects existing on its premises; (5) failing to provide adequate warnings of the unreasonably dangerous conditions and defects on its premises; (6) failing to provide adequate medical care; and (7) all other acts of negligence.  *Id.* ¶ 12.  The Louisiana law cited in plaintiff's petition includes articles of the *Louisiana Code of Civil Procedure* regarding class certification and Louisiana Civil Code articles 2315.1 (survival actions) and 2315.2 (wrongful death actions).  *See id.* ¶¶ 18-20.

[7] Notice of Removal ¶ 1.

[8] Mot. for Leave.

[9] R. Doc. No. 70-2, Mem. Supp. Mot. for Leave To File Third-Party Demand at 2; R. Doc. No. 70-5, Def.'s Third-Party Demand ¶ 3.

the fault, neglect, acts, and omissions of the [Corps]."[10]  Plaintiff objects to the filing of the third-party complaint on the ground that defendant does not "assert the existence of any factual or legal basis for [an] indemnification contract between itself and the Corps that would support a third-party claim."[11]  Plaintiff further argues that adding the Corps into the litigation will make the lawsuit unnecessarily circuitous and complex and that it will cause undue prejudice and delay.[12]

On October 2, 2007, the Magistrate Judge denied defendant's motion, reasoning that the third-party defendant would not be derivatively or secondarily liable to defendant.[13]  Defendant has asked this Court to set aside the Magistrate Judge's Order and allow it to implead the Corps.[14]  Defendant contends that the Order should be set aside because the Magistrate Judge "incorrectly conducted a Rule 12(b)(6) type analysis" and improperly denied impleader following that Court's evaluation of the merits of the case.[15]  Defendant argues that the Magistrate Judge should have limited her review to factors involving undue delay and

---

[10] Mem. Supp. Mot. for Leave at 2. More specifically, defendant alleges that the circumstances for which it is being sued by plaintiff "stem solely from flooding caused by failures of the New Orleans area hurricane protection system, including but not limited to flaws in the design, construction, and maintenance of the Mississippi River Gulf Outlet."  Third-Party Demand ¶ 6.

[11] R. Doc. No. 80, Opp'n to Mot. for Leave at 2.

[12] *Id.* at 4-7.

[13] Order Denying Mot. for Leave.

[14] Mot. To Set Aside.

[15] Defendant also argues that "Plaintiff has absolutely no standing to seek dismissal of a Defendant's Third Party Demand."  R. Doc. No. 86, Reply Mem. Supp. Mot. for Leave at 3.  However, this contention has no merit.  "*Any party* may move to strike the third-party claim . . . ." Fed. R. Civ. P. 14(a) (emphasis added); *see James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 464 (5th Cir. 1971); *U.S. Fid. & Guar. Co. v. E.L. Habetz Builders, Inc.*, Civil Action No. 06-895, 2007 WL 2028163, at *7 (W.D. La. July 11, 2007).

prejudice.[16]  Further, defendant argues that the Magistrate Judge's legal analysis is incorrect.[17]

## *LAW AND ANALYSIS*

**I.   Standards of Law**

*A.   District Court's Review of a Magistrate Judge's Order*

A magistrate judge's ruling on a motion for leave to file a third-party complaint is pursuant to the referral authority of Federal Rule of Civil Procedure 72(a)[18] and 28 U.S.C. § 636 (2006).[19]  This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

*B.   Rule 14 Third-Party Practice*

Pursuant to Rule 14(a), if a third-party complaint is to be filed more than ten days

---

[16] Mot. To Set Aside.  Defendant contends that there is no prejudice or undue delay because the motion for leave was filed within the deadline delineated by the Court, no substantive discovery has yet taken place, and the presence of the third-party defendant will not lengthen or complicate a trial in this matter.  R. Doc. No. 106-2, Mem. Supp. Mot. To Set Aside at 5.

[17] Mot. To Set Aside.

[18] Rule 72(a) of the *Federal Rules of Civil Procedure* provides, in pertinent part:
> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

[19] Section 636(b)(1)(A) provides, in pertinent part:
> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

following service of the original answer, leave of court must first be obtained. Fed. R. Civ. P. 14(a).[20] A third-party complaint may only be filed against a party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff." *Id.*; *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984). A district court is afforded "'wide discretion in determining whether to permit such third party procedure to be resorted to.'" *McDonald*, 734 F.2d at 184 (*quoting S. Ry. Co. v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964)). In determining whether to grant a party leave to file a third-party complaint, courts consider several factors which include avoiding circuitous actions, promoting judicial efficiency, obtaining consistent results, avoiding possible prejudice to other parties,[21] the unreasonableness of the delay, and the lack of substance of the third-party complaint. *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956); *Reynolds v. Eveready Marine, Inc.*, No. Civ.A. 02-3062, 2003 WL 21088095, at *1 (E.D. La. May 7, 2003).

A third-party complaint is not proper pursuant to Rule 14 "if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)."[22] *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978); *see*

---

[20] Rule 14(a) of the *Federal Rules of Civil Procedure* provides, in pertinent part:
> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff filed the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

[21] A district court may properly deny impleader if the third-party complaint raises unrelated issues or would unduly complicate the case. *See Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1422-23 (W.D. La. 1988).

[22] Originally, the text of Rule 14 allowed impleader against a party "who is or may be liable to [the defendant] *or to the plaintiff* for all or part of plaintiff's claim against defendant." Fed. R. Civ. P. 14(a) (1937) (emphasis added); *see* 6 Charles Alan Wright, Arthur R. Miller & Mart Kay Kane, *Federal Practice and Procedure*

5

*Sunrise Dev., Inc. v. Carl E. Woodward, Inc.*, No. Civ.A. 03-2273, 2004 WL 574719, at *2 (E.D. La. Mar. 22, 2004) ("Impleader is proper 'only when the third-party defendant's potential liability is dependent upon the outcome of the main claim.'" (*quoting Se. Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975))). "[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *see Sunrise Dev.*, 2004 WL 574719, at *2. Impleader is, therefore, only permitted in those cases in which a third party is derivatively or secondarily liable to the defendant, *i.e.*, "the third party's liability [is] in some way derivative of the outcome of the main claim." *Joe Grasso & Son*, 380 F.2d at 751. Such derivative liability includes claims for indemnity, contribution, and subrogation. *McCain*, 574 F.2d at 850; *Sunrise Dev.*, 2004 WL 574719, at *3.

## II.     Analysis

When reviewing the motion, the Magistrate Judge correctly decided to examine whether the third-party complaint demonstrated a basis for the third-party defendant's derivative liability to defendant. *See McCain*, 574 F.2d at 849-50. State substantive law determines whether the right of indemnity and, therefore, derivative liability against a third-party defendant is available. *Gen. Dynamics Corp. v. Adams*, 340 F.2d 271, 279 (5th Cir. 1965) ("[W]hile the right to proceed in a third party action is established by Federal rule, such right depends upon the existence of a state created liability."); *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 144 (5th Cir. 1961);

---

§ 1441, at 287 (2d ed. 1990). Rule 14 was amended in 1946 to disallow impleader of parties who are only directly liable to the plaintiff. Fed. R. Civ. P. 14(a) 1946 Amendment advisory committee's note; Wright, *supra*, § 1441, at 287-88. Therefore, a third-party complaint is not properly brought based upon the premise that *plaintiff* could have brought suit against the third-party defendant.

*Yost v. United States*, 212 F. Supp. 410, 412 (D.C. Cal. 1963) (holding that "the law of the state in which the tort occurs determines the right of contribution among joint tortfeasors, in an action brought under the [FTCA]").

"Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed." *Naquin v. La. Power & Light Co.*, 951 So. 2d 228, 231 (La. Ct. App. 2006) (*citing Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999)). "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement." *Hamway v. Braud*, 838 So. 2d 803, 806 (La. Ct. App. 2002). An implied contract of indemnity only arises when the indemnitee's liability is solely vicarious, constructive, or derivative. *Hesse v. Champ Serv. Line*, 828 So. 2d 687, 690 (La. Ct. App. 2002).[23]

Defendant alleges that plaintiff's petition contains strict liability claims, which it claims make it constructively liable for the Corps' acts, and that Louisiana law allows indemnity for property owners found strictly liable.[24] Louisiana law, prior to 1996, provided for a strict liability cause of action in connection with unreasonably dangerous premises. *Ambrose v.*

---

[23] For example, pursuant to Louisiana law, an employer is vicariously liable for the acts of its employees. La. Civ. Code Ann. art. 2320 (1997) ("Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."); *see Henly v. Phillips Abita Lumber Co.*, No. 2006 CA 1856, 2007 WL 2850525, at *6-7 (La. Ct. App. Oct. 3, 2007). Indemnification has also been allowed a contractor from his subcontractor when the contractor was constructively at fault. *Hesse*, 828 So. 2d at 690.

[24] Reply Mem. Supp. Mot. for Leave at 3-4; R. Doc. No. 94, Mem. Supp. Mot. To Set Aside at 6-8. Defendant argues that plaintiff attempts to recharacterize her complaint as stating only negligence claims. R. Doc. No. 120-3, Reply Mem. Supp. Mot. To Set Aside at 2. As stated below, Louisiana does not recognize strict premises liability claims. Plaintiff's reference to unreasonably dangerous conditions on defendant's property does not translate plaintiff's claim into a strict liability claim.

*McLaney*, 959 So. 2d 529, 532-33 (La. Ct. App. 2007). However, premises liability causes of action now sound solely in negligence.[25] *Id.* Pursuant to Louisiana Civil Code article 2323, defendants against whom negligence claims have been brought are only held liable for their own comparative fault. La. Civ. Code Ann. art. 2323 (1997);[26] *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 828 So. 2d 530, 536-37 (La. 2002). Pursuant to Louisiana law, defendant will not be held strictly liable for conditions that occurred on its premises, whether or not the Corps is a party.[27] Further, defendant will only be obligated to pay that proportion of damages for which it is responsible, and defendant will not be obligated to pay any damages if defendant is found to be without fault. The Magistrate Judge correctly concluded that the Corps was not secondarily liable to defendant, and the Order denying defendant's motion for leave to

---

[25] The Louisiana Legislature amended the *Louisiana Civil Code* in 1996 in order to institute a pure comparative fault system in place of solidary liability. *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 828 So. 2d 530, 535 (La. 2002).

A plaintiff must now prove three elements in a premises-liability cause of action: (1) that defendant knew or should have known of the unreasonably dangerous condition, (2) that the injury could have been prevented by the exercise of reasonable care, and (3) that the defendant failed to exercise reasonable care. *Ambrose*, 959 So. 2d at 533.

[26] Louisiana Civil Code article 2323 provides, in pertinent part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of *whether the person is a party to the action or a nonparty* . . . . If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
> B. The provisions of paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

La. Civ. Code Ann. art. 2323 (emphasis added).

[27] Defendant relies on this Court's decision in *Lombard v. New Orleans Naval Support Activity Commission*, Nos. Civ.A. 03-3020, Civ.A.04-2296, 2004 WL 2988483 (E.D. La. Dec. 10, 2004), to support its argument that it is entitled to indemnity from the Corps. Mem. Supp. Mot To Set Aside at 6-8. This reliance is misplaced. The Court in *Lombard* cited a pre-1996 amendment case merely for the purpose of explaining the difference between active and passive fault. *See Lombard*, 2004 WL 2988483, at *6 n.17.

file a third-party complaint is not, therefore, clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that the U.S. Magistrate Judge's Order[28] is **AFFIRMED**.

New Orleans, Louisiana, November ___19th___, 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[28] R. Doc. No. 104.